ROBERT UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x

ROBERT S. DICKERSON, individually and on behalf of others similarly situated,

          Plaintiffs,

-against-

75 CEDAR ROAD CORP., SPOMENKO PAJOVIC, individually, MIRJANI PAJOVIC, individually, and RICHARD CUTLER, individually,

          Defendants.

---------------------------------------------------------------------x

Civil Action No.: 17-cv-937

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

      Plaintiff ROBERT S. DICKERSON ("Dickerson"), on behalf of himself and others similarly situated ("Plaintiffs"), by and through his attorneys, Bouklas Gaylord LLP, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Collective Action for damages and other legal and equitable relief from the Defendants 75 CEDAR ROAD CORP. ("Cedar Road"), SPOMENKO PAJOVIC ("Spomenko"), MIRJANI PAJOVIC ("Mirjani"), , and RICHARD CUTLER ("Cutler") (collectively, "Defendants"), for violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), the New York State Labor Law ("NYLL"), the New York Code of Rules and Regulations ("N.Y.C.R.R."), The New York Wage Theft Prevention Act, and any other causes of action that can be inferred from the facts set forth herein:

## INTRODUCTION

      1.     This is an action brought by Dickerson challenging acts committed by Defendants against Dickerson and Plaintiffs amounting to collective and class claims of violations of Federal and State wage and hour laws.

1

2. As more fully described below, during the relevant time periods, Defendants willfully violated the FLSA and the applicable state laws of the State of New York by failing to pay Dickerson and Plaintiffs for their hours worked and for their overtime hours worked based upon their unlawful policies and practices. Defendants failed to pay Dickerson and Plaintiffs for their hours worked and for their overtime hours worked in excess of forty (40) hours per work week in direct violation of the FLSA and applicable state laws of the State of New York.

3. Dickerson also bring this action on behalf of himself and Plaintiffs pursuant to New York State laws requiring "Spread of Hours" pay.

4. Dickerson further brings this action on behalf of himself and Plaintiffs pursuant to NYLL requiring hiring and wage notices.

5. Defendants committed violations of these laws by engaging in a systematic scheme of failing to compensate Dickerson and Plaintiffs their statutorily required overtime pay, as well as a rate of pay in accordance with the Federal and State statutorily required minimum rate of pay per hour worked and their spread of hours pay.

6. Dickerson has retained the law offices of Bouklas Gaylord LLP to represent him in this matter.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. § 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute 28 U.S.C. 2201; (iii) under 29 U.S.C. § 201 et seq.

8. The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

9. Venue is proper in this Court pursuant to 29 U.S.C. §§ 201-219, in as much as this judicial district lies in a State in which the unlawful employment practices occurred. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c), in that Defendants maintain offices, conduct business and reside in this district.

10. The amount in controversy is within the jurisdictional limits of this Court.

11. This Court has jurisdiction over all claims in this action.

12. All conditions precedent to filing this cause of action have been met.

## **PARTIES**

13. Dickerson is a citizen of New York State and resides in Hicksville, New York.

14. Dickerson is a former employee of Defendants.

15. Upon information and belief, Defendant Cedar Road is a corporation organized under the laws of the State of New York with a principal place of business at 75 Cedar Swamp Road, Glen Cove, New York 11542.

16. Defendant Cedar Road is a bar and restaurant.

17. Upon information and belief, Defendant Spomenko is a resident of the State of New York, and resides at 5 Bridle Lane, Glen Cove, New York 11542.

18. Upon information and belief, Defendant Mirjani is a resident of the State of New York, and resides at 5 Bridle Lane, Glen Cove, New York 11542.

19. Upon information and belief, Defendant Cutler, is a resident of the State of New York and resides at 15 Sound Beach Avenue, Bayville, New York 11709.

20. Upon information and belief, Cedar Road is commonly owned, operated, and managed by Spomenko, Mirjani, and Cutler.

21. Defendants directly or indirectly acted in the interest of an employer towards Dickerson and Plaintiffs, at all material times, including without limitation, directly or indirectly controlling the terms of employment of Dickerson and Plaintiffs.

22. At all relevant times, Defendants had or continue to have substantial control over Dickerson's and Plaintiffs' working conditions and the unlawful policies and practices alleged herein.

23. Upon information and belief, Cedar Road has a qualifying annual volume of business in excess of $500,000, thereby subjecting Defendants to the FLSA's overtime requirements. Additionally, all of Defendants' employees are engaged in interstate commerce as they all handle goods that have been moved in interstate commerce, which independently subjects Defendants to the overtime requirements of the FLSA.

24. Mirjani, Spokenko and Cutler are owners of Cedar Road and hold executive positions for Cedar Road and thus are personally liable for unpaid wages. Furthermore, the individual defendants each qualify as employers under the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

25. Dickerson seeks to bring this suit pursuant to 29 U.S.C. § 216(b) on his own behalf as well as those in the following class:

> Current and former employees of Defendant who performed any work for Defendant as non-managerial or otherwise-non-exempt employees who give consent to file a cause of action to recover overtime compensation which is legally due them for the time

worked in excess of 40 hours in a given work week, to recover the difference between the amount of wages actually paid to them and the statutorily minimum amount due, to recover payments not made in violation of the New York "Spread of Hours" law, and to recover damages for failing to provide wage notices upon hire and wage statements pursuant to the New York Wage Theft Prevention Act.

26. Dickerson is similarly situated to all such individuals because while employed by Defendants, Dickerson and all other employees: performed similar tasks; were subject to the same laws and regulations; were paid in the same or similar manner; were paid the same or similar rate; were not paid an amount equal to the applicable Federal and State minimum wage requirements; were not compensated at the required overtime rate of pay for hours worked in excess of 40 in a given week; were not paid additional compensation for hours worked beyond 10 in a given day; were not provided wage notices at the time of hire; and were not provided wage statements.

27. Defendants treated all Plaintiffs similarly in requiring them to work in excess of 40 hours per workweek without overtime compensation. Dickerson and Plaintiffs work and/or worked for Defendants beyond 40 hours per workweek, and were specifically scheduled to work beyond 40 hours per workweek, yet Defendants did not pay them the statutorily required overtime compensation. They were also not compensated at an hourly rate in accordance with the minimum legally required hourly rate of pay. This practice was enforced against all employees in similar or identical fashion.

28. Defendants treated all Plaintiffs similarly in requiring them to work in excess of 40 hours per workweek without additional compensation, as required by the New York labor regulations.

29. Dickerson and Plaintiffs work and/or worked for Defendants beyond 10 hours per day, and were required to work 10 or more hours in one day, without being paid one extra hour's

pay at minimum wage for every day in which the interval between Plaintiffs' start and end times exceeded 10 hours. This is in violation of the New York "Spread of Hours" law, and this practice was enforced against all employees in similar or identical fashion.

30. Defendants treated Dickerson and all Plaintiffs similarly in requiring them to perform non-tipped work that equaled either two hours per workday or twenty percent of time worked per workday without compensation at the non-tipped minimum wage. Defendants, in violation of New York law, paid all employees that performed any amount of tipped work at the tipped employee minimum wage without regard for the amount on non-tipped work performed.

31. Defendants treated all Plaintiffs similarly in failing to provide a Notice of Pay Rate at the time of hire.

32. Defendants treated all Plaintiffs similarly in failing to provide accurate wage statements.

33. Defendants are and have been aware of the requirement to pay Dickerson and all Plaintiffs in accordance with minimum wage, overtime, and all other applicable labor laws, yet purposefully chose not to.

34. All of the work that Dickerson and Plaintiffs performed had been assigned by Defendants, and/or Defendants have been aware of all of the work that Dickerson and Plaintiffs performed.

## FACTS

35. Dickerson was employed by Defendant as a bartender during the period from approximately March 1, 2011 through May 22, 2016.

36. Dickerson was not provided with a written notice of pay rate at the time of hire, or any time thereafter.

37. Dickerson and Plaintiffs were employed in the food service and/or hospitality industry.

38. Dickerson and Plaintiffs were considered "tipped employees" by Defendants at all times relevant to this action.

39. During this period Defendant was subject to the overtime rate of pay requirements and minimum wage requirements under the FLSA and NYLL and any other applicable federal and state minimum wage requirements and labor laws.

40. The applicable federal minimum wage at all times during this period for tipped employees was at least $2.13 per hour.

41. The applicable federal minimum wage at all times during this period for non-tipped employees was at least $7.25 per hour.

42. The applicable New York minimum wage at all times during this period for tipped employees was at least $5.00 per hour.

43. The applicable New York minimum wage at all times during this period for non-tipped employees was from $7.25 to $9.00 per hour.

44. During this period, Dickerson and Plaintiffs were not exempt employees under any applicable minimum wage or overtime requirements.

45. During this period, Dickerson and Plaintiffs would "clock-in" and the start of every shift and "clock-out" at the end of every shift via a computerized timekeeping system.

46. During this period, Dickerson and Plaintiffs routinely worked in excess of 40 hour per week performing services for Defendants.

47. For the services performed, Dickerson was entitled to overtime pay of one and one half his regular rate of pay for hours worked in excess of 40 hours per week.

48. Dickerson's duties were to perform labor in furtherance of Defendants' business.

49. Dickerson was scheduled to work in excess of forty (40) hours per workweek every week he was employed by Defendants.

50. Dickerson was scheduled to work five days per workweek.

51. Dickerson's average workday consisted of a 10-12 hour shift, with certain shifts exceeding 15 hours.

52. Dickerson routinely worked in excess of sixty hours per workweek.

53. During Dickerson's employment by Defendants, other employees worked similar shifts and schedules and were paid in a similar manner.

54. During this period, Defendants willfully refused to pay Dickerson and Plaintiffs a rate of pay equal to or greater than one and one half their regular rate of pay for hours worked in excess of 40 hours in a given week, in violation of applicable law.

55. Defendants did not pay Dickerson and Plaintiffs their regular rate of pay for hours worked in excess of 40 per week, in violation of applicable law.

56. Defendants would systematically log into the computerized time keeping system, and using their administrative privileges, change Dickerson and Plaintiffs' hours to reflect fewer hours than were actually worked. As a result, all wage statements provided to Dickerson and Plaintiffs were fraudulent.

57. Defendants did this with the explicit intention of avoiding paying Dickerson and Plaintiffs overtime to which they were entitled.

58. When confronted about this practice, Defendants stated that they did not have to pay overtime.

59. Defendants' failure to pay the full amount of overtime wages to Dickerson and Plaintiffs was, and is, in violation of applicable overtime laws.

60. A good faith basis for believing that the underpayment of wages for Dickerson and Plaintiffs was in compliance with applicable wage laws does not exist.

61. Dickerson and Plaintiffs regularly worked in excess of 10 hours in any given workday.

62. At no time during the relevant period were Dickerson and Plaintiffs ever paid spread of hours pay equal to one hour of pay at the minimum wage.

63. Dickerson and Plaintiffs and regularly performed non-tipped work for Defendants.

64. Dickerson and Plaintiffs non-tipped work regularly exceeded twenty percent of the hours worked in any given workday.

65. Dickerson and Plaintiffs non-tipped work regularly exceeded two hours in any given workday.

66. For any given workday in which Dickerson and Plaintiffs did non-tipped work in excess of two hours or twenty percent of the work performed, they were entitled to the non-tipped minimum wage for that workday.

67. Dickerson and Plaintiffs were never paid the non-tipped rate for any days worked.

68. Dickerson and Plaintiffs regularly attempted to address the above violations with Defendants, to no avail.

69. Defendants are aware of or should have been aware that federal and New York State law required them to pay Dickerson and Plaintiffs compensation for all hours worked and overtime compensation for all hours worked in excess of forty (40) per workweek.

70. Defendants are aware of or should have been aware that New York State law required them to pay Dickerson and Plaintiffs spread of hours pay equal to one hour at the minimum wage amount for any workday in which Dickerson or Plaintiffs worked in excess of ten hours.

71. Defendants are aware of or should have been aware that federal and New York State law required them to pay Dickerson and Plaintiffs compensation at the non-tipped minimum wage for any workday in which they performed more than two hours of non-tipped work, or more than twenty percent of the work performed was non-tipped in nature.

72. Defendants' unlawful conduct has been widespread, repeated, and consistent.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS
ON BEHALF OF DICKERSON AND ALL COLLECTIVE PLAINTIFFS**

**For Violation of the New York Labor Law §§ 650 et. seq.**

73. Dickerson and Plaintiffs allege and re-allege all of the other paragraphs contained herein.

74. Dickerson and Plaintiffs were required to work in excess of 40 hours a week without being compensated for those hours at the statutorily required time and a half pay. These practices were willful and lasted for the duration of the relevant time periods.

75. This practice is in violation of New York Labor Law §§ 650 et. seq.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS
ON BEHALF OF DICKERSON AND ALL COLLECTIVE PLAINTIFFS**

**For Violation of Fair Labor Standards Act, 29 U.S.C. §§ 201-219**

76. Dickerson and Plaintiffs allege and re-allege all of the other paragraphs contained herein.

77. Dickerson and Plaintiffs were required to work in excess of 40 hours a week without being compensated for those hours at the statutorily required time and a half pay. These practices were willful and lasted for the duration of the relevant time periods.

78. This practice is in violation of the Fair Labor Standards Act.

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS
ON BEHALF OF DICKERSON AND ALL COLLECTIVE PLAINTIFFS**

**For Violation of the New York Labor Law §§ 650 et. seq.**

79. Dickerson and Plaintiffs allege and re-allege all of the other paragraphs contained herein.

80. Dickerson and Plaintiffs were required to work at a rate of compensation less the statutorily required minimum hourly rate of pay. These practices were willful and lasted for the duration of the relevant time periods.

81. This practice is in violation of New York Labor Law §§ 650 et. seq.

**AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS
ON BEHALF OF DICKERSON AND ALL COLLECTIVE PLAINTIFFS**

**For Violation of Fair Labor Standards Act, 29 U.S.C. §§ 201-219**

82. Dickerson and Plaintiffs allege and re-allege all of the other paragraphs contained herein.

83. Dickerson and Plaintiffs were required to work at a rate of compensation less the statutorily required minimum hourly rate of pay. These practices were willful and lasted for the duration of the relevant time periods.

84. This practice is in violation of the Fair Labor Standards Act.

**AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANTS
ON BEHALF OF DICKERSON AND ALL COLLECTIVE PLAINTIFFS**

**For Violation of the New York**

### "Spread of Hours Law," 12 N.Y.C.R.R. §142-2.4

85. Dickerson and Plaintiffs allege and re-allege all of the other paragraphs contained herein.

86. Dickerson and Plaintiffs were required by Defendants to work 10 or more hours in one day without being paid one extra hour's pay at minimum wage for every day in which the interval between their start and end times exceeded ten hours. These practices were willful and lasted for the duration of the relevant time periods.

87. This practice is in violation of the New York "Spread of Hours Law."

**AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANTS
ON BEHALF OF DICKERSON AND ALL COLLECTIVE PLAINTIFFS**

### For Violation of the New York
### "Spread of Hours Law," 12 N.Y.C.R.R. §142-2.4

88. Dickerson and Plaintiffs allege and re-allege all of the other paragraphs contained herein.

89. At no time during or after Dickerson or Plaintiffs' employment did Defendant provide them written notice of their rate of pay, the basis of their pay, or any other information as required pursuant to section 195(1) and 198(1-b) of the New York Wage Theft Prevention Act.

90. Defendants' failure to provide such notice was willful.

91. This practice is in violation of the New York Wage Theft Prevention Act.

**AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANTS ON
BEHALF OF DICKERSON AND ALL COLLECTIVE PLAINTIFFS**

### For Violation of New York's Wage Theft Prevention Act

92. Dickerson and Plaintiffs allege and re-allege all of the other paragraphs contained herein.

93. Defendants failed to provide a Notice of Pay Rate at the time of hire to Dickerson or Plaintiffs.

94. This act is in violation of the New York Wage Theft Prevention Act.

**AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS ON BEHALF OF DICKERSON AND ALL COLLECTIVE PLAINTIFFS**

**For Violation of New York's Wage Theft Prevention Act**

95. Dickerson and Plaintiffs allege and re-allege all of the other paragraphs contained herein.

96. Defendants failed to provide Dickerson or Plaintiffs accurate wage statements.

97. The wage statements provided by Defendants were fraudulent in that the hours were changed to reflect less time than actually worked.

98. This act is in violation of the New York Wage Theft Prevention Act.

**PRAYER FOR RELIEF**

**WHEREFORE**, Dickerson and Plaintiffs demand judgment against Defendants as follows:

1. Issue notice to all similarly situated employees of their right to file consents to join this FLSA action;

2. Demand a jury trial on these issues to determine liability and damages;

3. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

4. A judgment declaring that the practices complained herein are unlawful and in violation of New York Labor Law § 215; Fair Labor Standards Act, 29 U.S.C. §§ 201-19,

("FLSA"); the New York Labor Law §§ 650 et seq.; the New York "spread of hours" pay required pursuant to 12 N.Y.C.R.R. §142-2.4; the New York Wage Theft Prevention Act; and any other applicable state or federal statute or regulation.

5. All damages which all named Plaintiffs and those similarly situated have sustained as a result of Defendants' conduct, including back pay, statutory, general and special damages for lost compensation and job benefits they would have received but for Defendants' improper practices;

6. Exemplary, punitive, and statutory damages in an amount commensurate with Defendants' ability and so as to deter future malicious, reckless, and/or intentional where appropriate and permitted by law;

7. Awarding all named Plaintiffs and those similarly situated their costs and disbursements incurred in connection with this action including reasonable attorneys' fees, and other costs;

8. Pre-judgment and post-judgment interest, as provided by law; and

9. Granting such other and further relief as this Court deems necessary and proper.

Dated: Jericho, New York
      February 17, 2017

                                      /S/ MARK GAYLORD
                                      Mark Gaylord, Esq.
                                      Bouklas Gaylord LLP
                                      *Attorneys for Plaintiffs*
                                      400 Jericho Turnpike Suite 226
                                      Jericho, NY 11753
                                      Phone: (516) 742-4949
                                      Fax:   (516) 742-1977